STERN & MONTANA, LLP
TRINITY CENTRE
115 BROADWAY
NEW YORK, NEW YORK 10006

TELEPHONE: (212) 532-8100
FACSIMILE: (212) 532-7271
E-MAIL: info@stern-montana.com
www.stern-montana.com

December 28, 2012

**VIA ECF**
Honorable Carol B. Amon
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 727S
Brooklyn, New York 11201

Re: *Allstate Insurance Company v. David Mun, M.D. et al.*
    **Civil Action No.: 12-CV-3791 CBA) (RLM)**

Dear Judge Amon:

  We are counsel to Allstate Insurance Company ("Allstate") in the above-referenced matter and respectfully submit this opposition to the Motion by Defendants David Mun ("Mun") and Nara Rehab Medical, P.C ("Nara Rehab") (collectively, the "Defendants") to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 2, ("FAA") and N.Y. Ins. Law § 5106(b) (Doc. No. 15). For the reasons set forth in Allstate's initial reply (Doc. No. 11) and herein, Defendants' motion should be denied because an affirmative recovery action by an insurer to recoup No-fault benefits that were fraudulently obtained *is not* subject to arbitration pursuant to the No-fault Law or the FAA. At least four separate judges in this District have rendered five decisions within the past year denying similar motions on near identical grounds. The result should be no different here.[1]

  As it relates to Defendants' motion, Defendants purportedly provided Electrodiagnostic Testing to individuals who were injured in automobile accidents covered under Allstate's No-fault automobile insurance policies ("Covered Persons"), who, in turn, assigned their rights to No-fault benefits to Defendants. As required by Ins. Law § 5106(b)[2], each of the aforementioned insurance polices contained a provision allowing the Covered Persons (or their assignees, such as Nara Rehab) the option of electing the arbitration of their claims for first-party No-fault benefits. Such provisions stated, in sum and substance, that "in the event any person making a claim for first party benefits

---

[1] The nature of Allstate's affirmative claims herein relate to the fraudulent billing for, among other things, Electrodiagnostic Testing allegedly committed by the Defendants and is briefly set forth in Allstate's initial reply (Doc. No. 11). To avoid repetition, such description is incorporated herein by this reference.

[2] Ins. Law § 5106(b), which relates to Fair Claims Settlement, provides that [e]very insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent."

Cont/d...

STERN & MONTANA, LLP

December 28, 2012
Page 2

and [Allstate] do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration." In this action, the "claims" process is over and completed; no claim is pending. Allstate is seeking to recoup money it was defrauded into paying to Defendants. By their motion, Defendants seek to compel Allstate to arbitrate the affirmative recovery claims asserted in the Complaint by arguing such affirmative recovery claims are subject to the statutorily mandated arbitration provision. As the mandatory arbitration provision under the No-fault Law and mandatory automobile policy prescribed by the Department of Financial Services (11 N.Y.C.R.R. 65.1, *et seq.*) relates solely to a Covered Person's or assignee's <u>claim</u> for first-party No fault benefits, Defendants' Motion must be denied.

As a threshold matter, Defendants' Motion offers the same tired argument set forth in prior motions filed in this Court in other actions[3] by their counsel and in their application for a pre-motion conference (Doc. No. 10 ), *to wit:* that based upon the FAA's broad policy favoring arbitration as codified in the Supreme Court's decision in *Compucredit Corporation, et al. v. Greenwood, et al.*, 132 S.Ct. 665 (2012), affirmative recovery actions, such as the instant matter, are subject to arbitration.[4] Notably, *every* Judge in this District who has addressed the same argument advanced in Defendants' Motion has rejected it, finding that an affirmative recovery action by an insurer to recoup No-fault benefits that were fraudulently obtained *is not* subject to arbitration. See *Allstate Ins. Co. v Lyons*, 843 F. Supp. 2d 358, 377 (E.D.N.Y. 2012) (Judge Gleeson)(concluding that Section 5106(b) does not permit a medical services corporation to demand arbitration of an insurer's fraud-based affirmative recovery action which seeks the recovery of paid No-fault claims.); *Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*, 11-CV-5780, 2012 WL 2367076 (E.D.N.Y. June 21, 2012) (Judge Weinstein)(adopting the interpretation of Insurance Law § 5106(b) as outlined in *Lyons* and finding that plaintiff insurance companies may not be forced to arbitrate affirmative claims by to recover paid No-fault benefits on the ground of fraud.); *Gov't Employees Ins. Co. v. Grand Med. Supply, Inc.*, 11 CIV. 5339 BMC, 2012 WL 2577577 (E.D.N.Y. July 4, 2012)(Judge Cogan) (agreeing with Judge Gleason's analysis in *Lyons* and holding that language in a no-fault policy of insurance providing a right to arbitrate a claim for first party benefits clearly limits that right to disputes in which payment is sought under a no-fault policy, and does not apply to an affirmative suit by plaintiffs to claw back allegedly fraudulent payments already made.); *Allstate Ins. Co. v. Khaimov*, 11-CV-2391 JG JMA, 2012 WL 664771, at *3 (E.D.N.Y. Feb. 29, 2012), (Judge Gleeson) (relying on his ruling in *Lyons* in reiterating that Insurance Law § 5106(b) does not reach affirmative claims by insurance companies to recover payments already made to claimants on the ground of fraud.); *State Farm Mutual Automobile Insurance Company v.*

---

[3] See e.g., *Liberty Mut. Ins. Co. , et al. v. Excel Imaging, P.C. , et al.*, 1:11-cv-05780-JBW-RLM (Doc. No. 20); *State Farm Mutual Automobile Insurance Company v. Giovanelli, et al.*, 1:12-cv-03398-NGG-VMS (Doc. No. 6).

[4] In fact, during the telephonic pre-motion conference, Your Honor inquired of Defendants' counsel what new or different arguments Defendants intended to make that had not been advanced before the other judges who had previously denied their (and similar) motions to compel arbitration and/or that were not already contained in their request for a pre-motion conference. We now know that aside from a disingenuous cite to an inapposite and irrelevant quarter-century old, unreported state court decision, the answer is none. At bottom, Defendants' application is contrary to what is now well-established existing law in this District and for which they do not, because they cannot, offer any good faith or genuine, new arguments that somehow distinguish their motion from other identical motions that have been rejected time and again in this District. See e.g., *Benitez v. F & V Car Wash, Inc.*, 11-CV-01857 DLI SMG, 2012 WL 1414879 (E.D.N.Y. Apr. 24, 2012).

Cont/d…

STERN & MONTANA, LLP

December 28, 2012
Page 3

*Giovanelli*, et al., 12-CV-03398 NGG VMS, Minute Entry Order Dated September 21, 2012 (Judge Garaufis) (agreeing with the reasoning of *Lyons, Excel, and Grand* in denying defendants' motion to compel arbitration of Plaintiff's affirmative recovery claims.).

The reasoning behind the body of case law rejecting Defendants' argument is clear: the FAA is simply not implicated unless the parties have contractually agreed to arbitration. At bar, as in the cases cited above, there is simply no interpretation of the statutorily mandated arbitration provision at issue which could even remotely suggest that it provides for anything other than the arbitration of a Covered Person's claim for first-party No-fault benefits pursuant to the No-fault claims process. As noted by Judge Gleeson in *Lyons*:

> Defendants contend that the broad policy favoring arbitration under the Federal Arbitration Act compels me to read any ambiguities in the arbitration clause, insofar as they exist, in favor of arbitration. *See, e.g., CompuCredit Corp. v. Greenwood*, 132 S.Ct. 665(2012). However, as the Supreme Court has made clear, courts should apply the presumption favoring arbitration, in FAA ... cases only where it reflects, and derives its legitimacy from, a judicial conclusion that arbitration of a particular dispute is what the parties *intended* because their express agreement to arbitrate was validly formed and ... is legally enforceable and *best construed to encompass the dispute*. Here, local law mandates that disputes be arbitrable at the option of the claimant, and the parties' agreements—*i.e.*, the Allstate insurance contracts—merely adhere to this mandate, parroting the words of the statute or silently adopting its provisions. Thus the parties cannot be said to have evinced an intention or bargained for the right to arbitrate affirmative fraud claims through their private agreements. Rather, the manifest intention of the parties, insofar as any of their agreements explicitly included an arbitration clause, was simply to adopt and comply with local law, and I find that the best construction of the subsection (b) excludes from its scope affirmative suits for fraud. I thus deny defendants' motion to compel arbitration of these claims.

*Lyons,* 843 F. Supp. 2d at 380 (internal citations omitted).

It is respectfully submitted that Judge Gleeson's analysis, adopted by every other Judge in this Court which has addressed the issue, should also be adopted in this matter. At bar, as in *Lyons* and its progeny, the Complaint involves an affirmative recovery action with causes of action *outside* of the No-fault claims process. Importantly, the Complaint *does not* include a claim for declaratory relief or any other type of claim that might impact unpaid or otherwise still pending claims which judges within the Eastern District have determined are the only types of claims that might be subject to arbitration. With respect to <u>all</u> of the monies sought to be recouped herein by Allstate, the No-fault claims process is over and no part of such claims process remains pending.

As noted, Defendants' Motion is no more than a rehashing of baseless arguments which were made to, and rejected by, other Judges of this Court. Instead of offering new arguments to support their claim, Defendants assert that the Judges which rejected the argument which
Cont/d…

STERN & MONTANA, LLP

December 28, 2012
Page 4

Defendants' have repeated here, failed to consider *Riese v. Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 74-11, 1986 WL 84814 (N.Y. Sup. Ct. Oct. 15, 1986). Importantly, despite Defendants' argument to the contrary, *Riese* is a factually inapposite, 26 year old, two-page, unreported state-court decision which does nothing to alter the settled proposition, crystallized in *Lyons* and its progeny, that an affirmative recovery action filed by an insurer to recoup No-fault benefits that were fraudulently obtained is not subject to arbitration. In *Riese*, the Court found that an appellant, who accepted the payment of severance checks pursuant to a collective bargaining agreement, did not waive its right to arbitrate (two years later) a dispute over the payment of additional severance monies. However, Defendants overlooked or intentionally ignored that in *Riese*, the subject of the dispute (severance payments) was always subject to arbitration pursuant to an agreement, a fact which even the appellants acknowledged in that case. *Riese* at *1. At bar, unlike in *Riese*, for the reasons articulated by Judge Gleeson in *Lyons* and set forth herein, Defendants *never had the ability to arbitrate* the affirmative recovery claims which are the subject of Complaint because affirmative recovery actions fall outside the statutorily arbitrable claims within the No-fault claims process . Thus, Defendants' disingenuous use of *Riese* should be seen for what it is: a desperate and meritless attempt to undo the settled proposition that an affirmative recovery action by an insurer to recoup paid first-party No-fault benefits that were fraudulently obtained is not subject to arbitration.

Accordingly, for the reasons set forth herein and in Allstate's initial reply, Defendants' Motion should be denied.

Thank you for your consideration in this regard.

Respectfully submitted,

Stern & Montana, LLP

By: __/s/ Daniel S. Marvin__
       Daniel S. Marvin (DM-7106)

cc:   Ed Blodnick (via ECF)
      Blodnick, Fazio & Associates, P.C.
      1325 Franklin Avenue, Suite 555
      Garden City, New York 11530