UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Allstate Insurance Company,

       Plaintiffs,

 -against-

David Mun, M.D., Nara Rehab Medical, P.C.,

       Defendants.
-----------------------------------------------------------X
**AMON, Chief United States District Judge**.

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-cv-3791 (CBA) (RLM)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 8 - 2013 ★
BROOKLYN OFFICE

## INTRODUCTION

  Plaintiff Allstate Insurance Company ("Allstate") brings this action for violations of the civil Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1961 *et seq.*, common-law fraud, and unjust enrichment against defendants David Mun, M.D. ("Mun") and Nara Rehab Medical, P.C. ("Nara Rehab"). Allstate seeks to recover monies already paid to the defendants for allegedly fraudulent no-fault insurance claims. Defendants move to compel arbitration of the plaintiff's affirmative recovery claims under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA") and N.Y. Ins. Law § 5106(b). For the reasons stated below, the defendants' motion to compel arbitration is denied.

## BACKGROUND

  This is one of several actions recently filed in this District by no-fault insurance carriers seeking reimbursement of allegedly fraudulent claims already paid to medical providers. This case requires the Court to consider whether such previously paid claims may be compelled to arbitration under arbitration provisions in no-fault insurance policies in New York state. This precise question has already been answered in the negative by multiple courts in this District.

1

Allstate alleges that beginning in October 2007, defendants, having been assigned the rights to the no-fault benefits of Allstate insureds, defrauded Allstate by fraudulently billing for electrodiagnostic tests that were not performed as billed, were fabricated, or were of no diagnostic value. (Compl. ¶ 1.) Defendants allegedly billed Allstate in excess of $500,000.00 for these false or unnecessary services. (*Id.* ¶ 2.) Allstate seeks to recover the amount previously paid on these allegedly false no-fault claims, plus treble and punitive damages. (*Id.* ¶ 182.)

Defendants move to compel arbitration of Allstate's affirmative recovery claims. During the pre-motion conference before this Court, defendants made clear that they seek only to compel arbitration of no-fault claims that Allstate has already paid. (Tr. at 2.) Allstate opposes this request, arguing that defendants' motion is unsupported by District precedent.

## DISCUSSION

Courts in this District have repeatedly denied motions to compel arbitration by no-fault insurance companies seeking reimbursement of allegedly fraudulent claims already paid to defendants. *See Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 377-81 (E.D.N.Y. 2012) (Gleeson, J.) (conducting a detailed examination of the text of N.Y. Ins. Law § 5106(b), which requires no-fault insurers to provide claimants with the option to submit certain claims disputes to arbitration, and concluding that the best construction of the statute "excludes from its scope affirmative suits" by insurance companies to recoup payments already made on allegedly fraudulent no-fault claims); *Allstate Ins. Co. v. Khaimov*, No. 11-cv-2391, 2012 WL 664771, at *3-4 (E.D.N.Y. Feb. 29, 2012) (Gleeson, J.) (reiterating the reasoning and conclusion in *Lyons* with respect to arbitration clauses conforming with § 5106(b) and further holding that even if the arbitration clause in Allstate's insurance contracts was narrower in scope than required by § 5106(b), the language of the clause "clearly and unambiguously" excludes "affirmative actions brought by Allstate to claw back those payments on the ground that they were induced by fraud."); *Liberty Mutual Ins.*

*Co. v. Excel Imaging, P.C.*, No. 11-cv-5780 (JBW), 2012 WL 2367076, at *11 (E.D.N.Y. June 21, 2012) (adopting the "interpretation of Insurance Law § 5106(b) as outlined in *Lyons*" to hold that "defendants may not compel plaintiffs to arbitrate claims already paid."); *GEICO v. Grand Med. Supply, Inc.*, No. 11-cv-5339 (BMC), 2012 WL 2577577, at *5 (E.D.N.Y. July 4, 2012) (relying on Judge Gleeson's "well-reasoned and persuasive decisions" in *Lyons* and *Khaimov* to conclude that "[n]otwithstanding the FAA's policy in favor of arbitration," there is no "right to compel arbitration of fraud claims brought by an insurance company after the company has already made payment"); *State Farm Mut. Auto. Ins. Co. v. Giovanelli*, No. 12-cv-3398, Minute Entry Order (E.D.N.Y. Sept. 21, 2012) (Garaufis, J.) (same).[1]

The Court declines to diverge from the well-reasoned opinions of several courts in this District that have denied motions to compel arbitration of already paid no-fault claims.[2]

## CONCLUSION

For the reasons stated above, defendants' motion to compel arbitration is denied.

SO ORDERED.

Dated: April 8, 2013
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[1] Notably, in *Giovanelli*, defense counsel Blodnick, Fazio & Associates submitted a letter in support of its motion to compel arbitration that is virtually identical to the letter submitted to this Court by Blodnick on behalf of defendants Mun and Nara Rehab. Judge Garaufis likewise rejected the arguments therein. *Compare* No. 12-cv-3398, D.E. # 6 *with* No. 12-cv-3791, D.E. # 10; Sept. 12, 2012 Minute Entry Order.

[2] Despite this District's consistent refusal to compel arbitration of allegedly fraudulent no-fault claims already paid, defendants argue that this Court should instead follow the reasoning of *Riese v. Local 32B-32J Serv. Emps. Int'l Union, AFL-CIO*, a 1986 unreported state-court decision, and *Country-Wide Ins. Co. v. Frolich*, a 1983 city civil court case. *Riese*, No. 74-11, 1986 WL 84814 (N.Y. Oct. 15, 1986); *Frolich*, 119 Misc.2d 1089 (N.Y. Civ. Ct. 1983). Both of these decades-old cases are inapposite. *Riese* simply held that waiver of a substantive right under a contract (outside the no-fault context) did not also waive the clearly established right to arbitrate the issue under the contract. 1986 WL 84814, at *1. *Frolich* granted a motion to compel arbitration where the insurer claimed that no-fault payments were made due to the insurer's mistake rather than the claimant's fraud. These distinguishable cases do nothing to undermine the breadth of case law in this District directly foreclosing defendants' claims.